UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarriel Ferrell, #344628, | ) C/A No. 4:17-831-HMH-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| Warden Willie Eagleton, | ) |
| A.W. Annie Sellars, | ) |
| Deputy Director Michael McCall, | ) |
| Director Bryan Stirling, | ) |
| Lt. Gary Martin | ) |
| Defendants. | ) |

This is a civil action filed by a *pro se* state prisoner ("Plaintiff"), proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

1

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff alleges a § 1983 claim based on violations of his Eighth Amendment rights. Plaintiff sues Defendants Eagleton, Sellars, McCall, and Stirling only in their official capacities and requests monetary relief. Plaintiff's allegations are that on August 19, 2016, he was involved in a riot and he abandoned his fellow gang members. Due to this incident, a "hit" was placed on him to "x" him out of the gang. Plaintiff alleges he was assaulted by another inmate with fists. (ECF Nos. 1, 1-2 at 11).

Plaintiff alleges that on September 13, 2016, he reported that his life was in danger and he did not want to be placed back into general population. Plaintiff alleges he received more threats from gang members as a result of reporting threats to officials. (ECF No. 1-2 at 12-13). Plaintiff alleges that on September 29, 2016, he again complained that his life was in danger and officials sent him back to general population. (ECF No. 1-2 at 13-14). Plaintiff complains about not receiving grievances back regarding his life being in danger.[1]

On September 30, 2016, Plaintiff alleges he told Defendant Martin that his life was in danger. Plaintiff alleges that Defendant Martin used excessive force in handcuffing and escorting Plaintiff, resulting in pain and injuries of swelling and a wound that produced blood.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted).

---

[1] "[T]here is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

The Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

## Custody Classification/ Assignment

Plaintiff requests to be placed in a different unit at a different institution. This claim is subject to summary dismissal based on failure to state a claim upon which relief can be granted.

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control, and the choices of where and how to confine Plaintiff are a determination made by the correctional system and not the courts. *See Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974). An inmate does not have a constitutional right to be confined in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983). Accordingly, Plaintiff has failed to state a claim of constitutional magnitude as to this claim against Defendants, and summary dismissal is recommended.

**Immunity as to Defendants Eagleton, Sellars, McCall, and Stirling**

This court may dismiss a case that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To the extent Plaintiff is seeking monetary relief against Defendants in their official capacities, such relief is barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). While a state may waive Eleventh Amendment immunity, South Carolina has declined to do so. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); S.C. Code Ann. § 15-78-20(e).[2] Although state officials "literally are persons," "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," which is "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its

---

[2] Congress can override Eleventh Amendment immunity through legislation, but Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Also, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.9 (1984). South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

5

officials acting in their official capacities are "persons" under § 1983"). Based on sovereign immunity, any state officials sued in their official capacities should be dismissed as parties.

**Defendant Martin**

Plaintiff makes sufficient factual allegations against Defendant Martin[3] only on Plaintiff's excessive force claim to survive summary dismissal. Thus, the service of Defendant Martin is recommended, through a separately docketed order.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B). As noted above, it is recommended that Defendants Eagleton, Sellars, McCall, and Stirling be summarily dismissed without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on Defendant Martin as to Plaintiff's excessive force claim.

|  |  |
|---|---|
| May 16, 2017<br>Florence, South Carolina | s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

---

[3] While Plaintiff did indicate that he was suing all Defendants but Defendant Martin in their official capacity, Plaintiff did not indicate which capacity Defendant Martin was sued under. Giving a liberal construction and considering Plaintiff's allegations of personal action by Defendant Martin, the court considers Defendant Martin as being sued in his individual capacity. *See Cruz v. Beto*, 405 U.S. 319 (1972) and *Hopkins v. Foster*, 2007 WL 1139590, *3 n.3 (D.S.C. April 12, 2007).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).